

EOD
09/27/2010

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ABID D. JANJUAH, | § | Case No. 09-40914 |
| | § | (Chapter 7) |
| Debtor. | § | |
| | § | |
| UNITED STATES TRUSTEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Adv. Proc. No. 09-4190 |
| | § | |
| ABID D. JANJUAH, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION**

This proceeding is before the court on the U.S. Trustee's motion for summary judgment. The U.S. Trustee seeks a judgment denying the Defendant's discharge on the ground that the Defendant has refused to obey the lawful orders of this Court. The motion is granted. By separate final judgment issued this date, summary judgment is issued denying the Defendant's discharge in bankruptcy.

### *BACKGROUND*

The Defendant, Abid D. Janjuah, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on June 1, 2009. The Court appointed Mr. Mark Weisbart to serve as the Chapter 7 trustee. The original meeting of creditors was scheduled for August 3, 2009, and the original deadline for filing a complaint objecting to discharge was October 2, 2009. *See* FED. R. BANKR. P. 4004(a).

On September 30, 2009, the Chapter 7 trustee filed a motion seeking to extend the

deadline for filing a complaint objecting to the Defendant's discharge to November 27, 2009. On October 22, 2009, the Court issued an order granting the Chapter 7 trustee's motion. On October 28, 2009, the U.S. Trustee filed a complaint objecting to the Defendant's discharge under 11 U.S.C. §§ 727(a)(3), (a)(4)(A) and (a)(5).

In the U.S. Trustee's original complaint, the U.S. Trustee alleged that the schedules and statements filed by the Defendant raised immediate alarms. The Defendant listed $227,327 in unsecured debt, some of which appeared to be of recent origin, and gross earnings in 2008 of only $26,309. In a letter dated July 21, 2009, the U.S. Trustee asked the Defendant to explain his financial condition. The Defendant's counsel responded with a one-page fax on August 3, 2009, indicating that the Defendant would provide documentation shortly. The U.S. Trustee alleged in its original complaint that the Defendant failed to provide any of the requested information or documentation.

The Chapter 7 trustee conducted a meeting of creditors on August 3, 2009. The Defendant appeared at the meeting and testified that he has been unemployed since February 2009. The U.S. Trustee alleged in its original complaint that the Defendant failed to explain how he has been paying his living expenses during his unemployment. The Defendant testified that he had used a line of credit from Chase Bank to invest in real estate and that he transferred approximately $75,000 to his brother in Islamabad, Pakistan, for that purpose. The Chapter 7 trustee requested documentation regarding these and other matters at the conclusion of the Defendant's testimony.

Due to the Defendant's lack of cooperation in providing information and documentation of his financial affairs, the Chapter 7 trustee filed a motion to compel the Defendant to turnover documents on October 5, 2009. The motion requested, among

2

other things, all documentation of the $75,000 transfer and all bank statements and cancelled checks for the six months prior to bankruptcy. On October 30, 2009, two days after the U.S. Trustee filed a complaint objecting to the Defendant's discharge, the Court granted the motion to compel. The Court's order was served on the Defendant at the address listed with the Court as well as on the Defendant's counsel.

The Defendant answered the U.S. Trustee's complaint on November 24, 2009, and denied the U.S. Trustee's allegations. The U.S. Trustee filed a motion to amend its complaint on April 30, 2010, to add a claim to deny the Defendant's discharge pursuant to § 727(a)(6)(A). The Court entered an order granting the U.S. Trustee's unopposed motion for leave to amend its complaint on May 29, 2010. The U.S. Trustee now seeks summary judgment on its § 727(a)(6)(A) claim. According to an affidavit from Mr. Weisbart attached to the U.S. Trustee's motion for summary judgment, the Defendant has not provided any of the documents required to be produced to the Chapter 7 trustee by this Court's order entered on October 30, 2009.

## *SUMMARY OF THE ARGUMENT*

In essence, the U.S. Trustee argues that the Defendant has refused to obey a lawful order of this Court. The U.S. Trustee argues, therefore, that the Defendant's discharge should be denied pursuant to § 727(a)(6)(A) of the Bankruptcy Code. The Defendant has not responded to the U.S. Trustee's motion for summary judgment.

## *STANDARD FOR SUMMARY JUDGMENT*

Summary judgment should be granted "if the pleadings, the discovery, and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R.

CIV. P. 56(c); *Gray Law LLP v. Transcon. Ins. Co.,* 560 F.3d 361, 365 (5th Cir. 2009). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings. "The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship,* 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof, as is the case here, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara v. Garber,* 353 F.3d 393, 403 (5th Cir. 2003); *Chaplin v. Nationscredit Corp.,* 307 F.3d 368, 372 (5th Cir. 2002) (quoting *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1194 (5th Cir. 1986)). Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine issue of material fact. *Sossamon v. Lone Star State of Texas,* 560 F.3d 316, 326 (5th Cir. 2009); *U.S. v. 92,203.00 in U.S. Currency,* 537 F.3d 504, 507 (5th Cir. 2008). The non-moving party has a duty to respond with specific evidence demonstrating a disputed fact issue. *Celotex Corp. Cattrett,* 477 U.S. 317, 324 (1986); *$92,203.00 in United States Currency,* 537 F.3d at 507. In addition, when identifying specific evidence in the record, the non-movant must "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force,* 379 F.3d 293, 301 (5th Cir. 2004); *Raga v. Tenn. Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998).

## *ANALYSIS*

Under § 727(a)(6)(A) of the Bankruptcy Code, a debtor may be denied a

discharge where the debtor "has refused ... to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A). The original burden of going forward, as well as the ultimate burden of proof, is on the objecting creditor to show that there has been a violation of a lawful order of the court. *See* FED. R. BANKR. P. 4005 (placing the burden of proof on the plaintiff at the trial on a complaint objecting to discharge). Therefore, in order to deny a debtor a discharge under § 727(a)(6)(A), the objecting party must show "by a preponderance of the evidence that: 1) the Court issued an order directed at the debtor; 2) the order was lawful; 3) the order was not one requiring a response to a material question or to testify; and 4) the debtor refused to obey the order." *Gillman v. Green (In re Green),* 335 B.R. 181, 183 (Bankr. D. Utah 2005).

Here, the Court entered an order directed at the Defendant, compelling the Defendant to turnover the documents previously requested by the Chapter 7 trustee. The Court's order was lawful. The order did not require the Defendant to respond to a material question or to testify. Further, the evidence presented by the U.S. Trustee in support of its motion for summary judgment establishes that the Defendant was aware of the Court's order and has simply disregarded it. *See, e.g., Solomon v. Barman (In re Barman),* 237 B.R. 342, 349 (Bankr. E.D. Mich. 1999) (an objection to discharge under § 727(a)(6)(A) may be denied " 'when the debtor's failure to comply with an order was due to inadvertence and mistake, as opposed to willful, intentional disobedience or dereliction.' ") (quoting *United States v. Dowell (In re Dowell),* 61 B.R. 75, 78 (Bankr. W.D. Mo. 1986)); *Transamerica Commercial Acceptance Corp. v. Jarrell (In re Jarrell),* 129 B.R. 29, 33 (Bankr. D. Del. 1991) ("Bankruptcy law recognizes that mere failure

5

does not equal refusal where the creditor does not show willful or intentional disobedience, as opposed to inability, inadvertence or mistake.").

## *CONCLUSION*

For the foregoing reasons, the Court concludes that the U.S. Trustee's motion for summary judgment should be granted and the Defendant's discharge should be denied pursuant to § 727(a)(6)(A). The Court will enter a separate judgment consistent with this Memorandum Opinion.

Signed on 09/27/2010

*Brenda T. Rhoades*   SR
HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE